UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSHUA WALLIS,                )
                              )
    Plaintiff,                )
                              )
    v.                        )   No. 2:16-cv-335
                              )
I.C. SYSTEMS, INC.,           )
                              )
    Defendant.                )

## PLAINTIFF'S COMPLAINT

Plaintiff, JOSHUA WALLIS ("Plaintiff"), through his attorneys, alleges the following against Defendant, I.C. SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA")

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

8. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

2

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen of Greenfield, Milwaukee County, Wisconsin.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10) and a "consumer" as that term is defined by the FDCPA.

13. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

14. Defendant is a debt collector as that term is defined by the FDCPA.

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters are in St. Paul, Ramsey County, Minnesota.

17. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

18. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Wisconsin and in the County of Milwaukee, and within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

19. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of

3

consumer complaints regarding certain telemarketing practices.

20. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

21. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

22. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

23. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.
    a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

24. Defendant is attempting to collect a consumer debt that is owed by Plaintiff's mother, originating with an AT&T account.

25. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

26. In or around November of 2015, Defendant began communicating with Plaintiff in an attempt to collect the alleged debt.

27. In or around November of 2015, Defendant began utilizing Plaintiff's cellular telephone number, ending in 1912, to place repeated collection calls to Plaintiff in an attempt to collect the alleged debt.

28. Defendant places calls to Plaintiff from 703-656-9860, which is one of Defendant's telephone numbers.

29. In or around early December 2015, Plaintiff answered a call from Defendant and spoke to one of Defendant's collectors on the telephone.

30. During the aforementioned telephone call, Plaintiff informed Defendant that the debt was not owed by Plaintiff and to stop calling Plaintiff's cellular telephone number.

31. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular telephone in an attempt to collect the alleged debt.

32. Since early December 2015, Plaintiff has asked Defendant to stop calling him on several occasions.

33. In December 2015, Plaintiff received a call from one of Defendant's male collectors who threatened to have a sheriff come to Plaintiff's workplace and serve him.

34. When Plaintiff first started receiving calls from Defendant, Defendant refused to identify

that it was calling from I.C. Systems, Inc.

35. Defendant's collectors are familiar with the FDCPA.

36. Defendant's collectors know that the FDCPA requires that collectors identify the name of the company they are calling from.

37. Defendant calls Plaintiff at an annoying and harassing rate, often calling two or three times per day.

38. Each time Plaintiff answers a call from Defendant, there is a delay and silence on the other end before Plaintiff is connected with a live person.

39. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

40. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

41. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

42. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

44. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

45. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his

6

cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

46. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff spoke to Defendant and told Defendant to stop calling.

47. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

48. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant continued calling Plaintiff after Plaintiff told Defendant to stop calling him;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant continued to call Plaintiff after being told by Plaintiff to stop calling; and

    c. Defendant violated §1692d(6) of the FDCPA by calling Plaintiff and not providing meaning disclosure of Defendant's identity when Defendant's collection agent did not disclose that he was calling from I.C. Systems, Inc.

7

50. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JOSHUA WALLIS, respectfully requests judgment be entered against Defendant, I.C. SYSTEMS, INC., for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

54. Any other relief that this Honorable Court deems appropriate.

## COUNT II
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

55. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

56. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, as evidenced by the pre-recorded nature of the calls.

57. These phone calls were made without the prior express consent of Plaintiff.

58. Defendant's conduct therefore violated the TCPA by:
    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in

violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOSHUA WALLIS, respectfully requests judgment be entered against Defendant, I.C. SYSTEMS, INC., for the following:

59. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

62. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: March 18, 2016         By: /s/ Michael S. Agruss
                                  Michael S. Agruss
                                  SBN: 6281600
                                  Agruss Law Firm, LLC
                                  4611 N. Ravenswood Ave.
                                  Suite 201
                                  Chicago, IL 60640
                                  Tel: 312-224-4695
                                  Fax: 312-253-4451
                                  michael@agrusslawfirm.com
                                  Attorney for Plaintiff

9